## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER LOPEZ** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-652** |
| | : | |
| **SCHOOL DISTRICT OF LANCASTER,** | : | |
| **et al.** | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

**AND NOW**, this 4th day of May, 2026, upon consideration of Plaintiff's Motion for Temporary Restraining Order or, In the Alternative, Motion for Preliminary Injunction (ECF No. 26), and after a hearing on the Motion held on **May 4, 2026**, it is hereby **ORDERED** that the Motion is **DENIED**.[1]  Plaintiff may file renewed motions for injunctive relief to the extent he believes any future scheduled hearings violate his Constitutional or contractual rights.

---

[1] Plaintiff seeks a temporary restraining order or, in the alternative, a preliminary injunction enjoining Defendants from conducting a disciplinary hearing currently scheduled for May 5, 2026 and from conducting any disciplinary hearing against Plaintiff based on a "Notice of Allegations" he received on April 3, 2026.  Plaintiff alleges that the "Notice of Allegations" is constitutionally deficient because it does not provide him with sufficient notice of the charges against him as required by *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).  He also alleges that any hearing before the school board would be in violation of his contractual right to "all elements of due process" at a hearing involving potential dismissal from the District, as the District has not provided him with any exculpatory evidence as required by the "*Brady*" rule and the School Board is not "fair and impartial," as they are currently engaged in litigation with Plaintiff.

The party requesting a temporary restraining order must demonstrate: (1) a likelihood of success on the merits; (2) the probability of irreparable harm if the relief is not granted; (3) that granting injunctive relief will not result in even greater harm to the other party; and (4) that granting relief will be in the public interest.  *Zaslow v. Coleman*, 103 F. Supp. 3d 657, 662 (E.D. Pa. 2015).

Plaintiff's request for a temporary restraining order fails to show his irreparable harm.  Defendants submit that this is an informal *Loudermill* meeting and that, in the event the District determines to move forward with Plaintiff's termination or suspension without pay, he will be entitled to a hearing before the School Board.  Accordingly, there are a number of additional steps to be taken before there is any deprivation which may well afford Plaintiff the requisite due process.  Moreover, to the extent the notice provided to Plaintiff was inadequate or his hearing before

**BY THE COURT:**

/s/ Catherine Henry

**CATHERINE HENRY, J.**

---

the Board, if any, is not impartial, those are precisely the types of harms that Plaintiff can remedy through a Section 1983 action.